1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  HAROLD JENKINS,                   )  Case No.: 1:13-cv-01805-LJO-SAB (PC)
                                      )
12                 Plaintiff,         )
                                      )  ORDER DENYING PLAINTIFF TO
13         v.                         )  PROCEED AS A CLASS ACTION SUIT
                                      )
14  RON DAVIS, et al.,                )
                                      )
15                 Defendants.        )
                                      )
16  _____ )

17         Plaintiff Harold Jenkins is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18  1983.

19         Plaintiff has attempted to file this complaint on behalf of multiple plaintiffs, as the caption of

20  the complaint indicates "INMATES OF VALLEY STATE PRISON FOR MEN," as Plaintiffs, and an

21  attachment to the complaint identifies 25 additional individuals as Plaintiffs  the complaint identifies

22  25 additional plaintiffs.  Thus, Plaintiff is seeking to bring a class action.

23         The prerequisites to maintain a class action are as follows: (1) the class is so numerous that

24  joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the

25  representative party's claims or defenses are typical of the class claims or defenses, and (4) the

26  representative party will fairly and adequately protect the class interests.  See Fed. R. Civ. P. 23(a).

27  Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately

28  protect the interests of the class.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also

1

Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), so class certification may be denied on that basis, see Griffin v. Smith, 493 F.Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).

In this instance, all of the plaintiffs are pro se prisoners.  Therefore, this action cannot proceed as a class action.  Accordingly, all unnamed plaintiffs are DISMISSED as plaintiffs from this action without prejudice to file separate individual actions.  Only the lead plaintiff, **Harold Jenkins**, may proceed with this action.  Accordingly, this action will proceed solely as an individual action brought by Plaintiff Harold Jenkins.

IT IS SO ORDERED.

Dated:   **December 2, 2013**           **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE