1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 HAROLD JENKINS, ) Case No.: 1:13-cv-01805-LJO-SAB (PC)
  )
12 Plaintiff, )
  )
13 v. ) FINDINGS AND RECOMMENDATION
  ) REGARDING PLAINTIFF'S MOTION FOR
14 RON DAVIS, et al., ) PRELIMINARY INJUNCTION
  )
15 Defendants. ) [ECF No. 2]
  )
16 _____ )

17      Plaintiff Harold Jenkins is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

18 1983.

19      Now pending before the Court is Plaintiff's motion for a preliminary injunction, filed on

20 November 5, 2013.  Plaintiff contends there is a substantial threat of irreparable harm if the injunction

21 is not granted because he is being denied medical care for his serious medical needs.

22 **I.**

23 **DISCUSSION**

24      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

25 so heavily favors the moving party that justice requires the court to intervene to secure the positions

26 until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

27 390, 395 (1981).  "A plaintiff seeking a preliminary injunction must establish that he is likely to

28 succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,

1

1  that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Winter v.</u>

2  <u>Natural Resources Defense Council, Inc.</u>, 555 U.S. 7,  20 (2008).

3          "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

4  granted unless the movant, *by a clear showing*, carries the burden of persuasion."  <u>Mazurek v.</u>

5  <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

6  party seeking a temporary restraining order or preliminary injunction simply cannot prevail when that

7  motion is unsupported by evidence.  With respect to motions for preliminary injunctive relief or a

8  temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

9          [i]n any civil action with respect to prison conditions, to the extent otherwise authorized
          by law, the court may enter a temporary restraining order or an order for preliminary
10         injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no
          further than necessary to correct the harm the court finds requires preliminary relief,
11         and be the least intrusive means necessary to correct that harm.

12  18 U.S.C. § 3626(a)(2).  As the moving party, it is plaintiff who bears the burden, and the burden does

13  not shift to defendants unless and until plaintiff's burden has been met.

14          A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

15  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

16  measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

17  so.'"  <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting <u>Hallett v. Morgan</u>, 296 F.3d

18  732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately

19  indifference manner unless the official "knows of and disregards an excessive risk to inmate health or

20  safety."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  "Deliberate indifference is a high legal

21  standard."  <u>Toguchi</u>, 391 F.3d at 1060.  "A difference of opinion between a prisoner-patient and prison

22  medical authorities regarding treatment does not give rise to a § 1983 claim," <u>Franklin v. Oregon</u>, 662

23  F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between

24  medical personnel regarding treatment does not amount to deliberate indifference, <u>Sanchez v. Vild</u>,

25  891 F.2d 240, 242 (9th Cir. 1989).  To prevail, plaintiff "must show that the course of treatment the

26  doctors chose was medically unacceptable under the circumstances … and … that they chose this

27

28

1    course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d

2    330, 332 (9th Cir. 1986) (internal citations omitted).

3         Plaintiff contends his "verified complaint demonstrates that he has been denied proper,

4    meaningful, and adequate care due to defendants' deliberate and conscious choice of unconstitutional

5    behavior." (Motion, at 4.)  Although Plaintiff may offer his lay opinion as to the symptoms he is

6    experiencing (e.g., headaches, constipation, lethargy, mental anguish, stomach cramps, hernias, back

7    injuries, leg injuries, heart conditions, high blood pressure, arm injuries, degenerative injuries, kidney

8    diseases, heart diseases, etc), Plaintiff may not offer his opinion as to the appropriate medical

9    treatment provided and/or needed.  In addition, Plaintiff has not submitted documentary evidence in

10   the form of medical records, or statements that Plaintiff is in immediate need of different medical

11   treatment and is under significant threat of irreparable harm without an injunction.  See, e.g., Fidelity

12   Nat. Title Ins. Co. v. Castle, No. C 11-00896 SI, 2011 WL 5882878, *3 (N.D. Cal. 2011) (motion for

13   preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations

14   of the pleadings.").  Thus, Plaintiff has not made the showing required to meet his burden as the

15   moving party for preliminary injunctive relief, and his motion should be denied.

16                                          **II.**

17                                  **RECOMMENDATION**

18        Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a

19   preliminary injunction be DENIED.

20        This Findings and Recommendation is submitted to the assigned United States District Court

21   Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

22   Practice for the United States District Court, Eastern District of California.  Within thirty (30) days

23   after being served with a copy, Plaintiff may file written objections with the court and serve a copy on

24   all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

25   Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

26   ///

27   ///

28   ///

3

636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2014**

_____
UNITED STATES MAGISTRATE JUDGE

4